# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES HOLLINGHEAD and MARK SIMPSON,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **CITY OF YORK, PENNSYLVANIA;** : <br> **YORK SEWER AUTHORITY; and,** : <br> **MONOCACY VALLEY ELECTRIC, INC.,** : <br> : <br> **Defendants** : | **CIVIL ACTION NO. 1:12-CV-0260** <br><br> **(Chief Judge Conner)** |

## ORDER

AND NOW, this 31st day of March, 2014, upon consideration of the report and recommendation (Doc. 83) of Chief Magistrate Judge Martin C. Carlson, recommending the court grant the motions for summary judgment (Docs. 55, 59) filed by the City of York ("City") and York Sewer Authority ("the Authority"), wherein Judge Carlson concludes that plaintiffs have failed to establish that the Authority was their employer for purposes of their employment discrimination and retaliation claims, (Doc. 83 at 21-35), and have failed to prove discrimination or retaliation against the City, (id. at 36-49), and, after an independent review of the record, and noting that plaintiffs filed objections[1] (Doc. 84) to

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

the report on March 7, 2014, and the court finding Judge Carlson's analysis to be comprehensive, well-reasoned, and fully supported by the record, and further finding plaintiffs' objections to be without merit[2] and squarely addressed by Judge Carlson's thorough report, it is hereby ORDERED that:

1. The report (Doc. 83) of Chief Magistrate Judge Carlson is ADOPTED in its entirety.

2. Defendants' motions (Docs. 55, 59) for summary judgment are GRANTED as to all remaining claims.

3. Judgment is ENTERED in favor of the City of York, Pennsylvania, and the York Sewer Authority.

4. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] Plaintiffs do not challenge specific portions of Judge Carlson's meticulous, forty-nine page report. Rather, plaintiffs object generally to each of Judge Carlson's findings, reiterating all of the arguments raised in their initial opposition papers. (See Docs. 84-85). The court has thoroughly reviewed the parties' submissions and the evidentiary record. Like Judge Carlson, the court is not unsympathetic to the offense plaintiffs likely experienced in perceiving what they *believed* to be workplace discrimination. (See Doc. 83 at 40). In the end, however, speculation and hypotheses are all that plaintiffs submit in support of their claims. Cf. Pobodnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (at summary judgment, "a party must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue" for trial) (quoting Celotex Corp. V. Catrett, 477 U.S. 317, 325 (1986)). The record, notwithstanding a favorable construction for the non-moving plaintiffs, fails to support their discrimination and retaliation claims. Accordingly, summary judgment is appropriate.